HENRY M. MITCHELL, In Equity *vs.* FRED C. HILL et al.

Penobscot.    Opinion March 19, 1923.

*A bill in equity for specific performance of written agreement to convey.    The finding*
*that the plaintiff had not paid in full the amount due was warranted by the*
*evidence.    Master to be appointed inasmuch as plaintiff offers*
*to pay whatever balance may be found due, and defend-*
*ants' offer to convey on payment of such*
*balance.*

Bill in equity asking for the specific performance of a written agreement to con-
vey real estate, given by George F. Hill, and dated August 5, 1918.  The
defendants are grantees of the premises from George F. Hill, without con-
sideration as claimed by the plaintiff.   The bill alleges payment in full.   The
answers deny such payment, set up a second agreement dated December 9,
1918, superseding the first, and offer to convey on payment of the balance
due thereunder.  At the close of the plaintiff's evidence the sitting Justice
dismissed the bill with costs.   On appeal by plaintiff it is

*Held:*

1.   The finding that the plaintiff had not paid in full the amount due was war-
ranted by the inherent unreliability of the evidence offered.

2.   However, as the plaintiff offers to pay any balance that may be found due
and the defendants offer to convey on the payment of such balance, the equi-
table rights of the parties require that a master be appointed to ascertain and
report the facts as more fully stated in the opinion.

On appeal.   A bill in equity asking for specific performance of a
written agreement to convey certain real estate, given to plaintiff on
August 5, 1918, by one George F. Hill, who subsequently conveyed
the same real estate to defendants without consideration as plaintiff
claims.   On April 21, 1922, a hearing was had upon the bill and the
sitting Justice dismissed the bill with costs, and plaintiff appealed.
Appeal sustained.   Cause remanded.   Master to be appointed in
accordance with the opinion.   So ordered.

The case is stated in the opinion.

*D. I. Gould and Clinton C. Stevens*, for plaintiff.

*Terence B. Towle*, for defendants.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, WILSON, DEASY, JJ.

CORNISH, C. J.    Bill in equity asking for the specific performance of a written agreement to convey certain real estate, given by one George F. Hill, and dated August 5, 1918. The defendants are grantees of the premises from George F. Hill, without consideration as claimed by the plaintiff. The bill alleges that the amount to be paid by the plaintiff under this agreement was $1,489.00 and that this amount was subsequently paid to said George F. Hill who acknowledged full satisfaction, promised to make the conveyance, but never did, and instead conveyed to the defendants.

The answers, while admitting the agreement of August 5, 1918, and certain payments thereunder, deny a substantial performance thereof, and further allege that a second agreement was entered into by Mitchell and Hill on December 9, 1918, which cancelled the previous agreement of August 5, 1918; that under the second agreement the amount to be paid was $951.00 together with other indebtedness in the forms of notes and accounts, upon the payment of all which sums the defendants are ready and willing to convey the premises. The genuineness of this agreement seems to have been somewhat doubted by the plaintiff's witnesses, but the plaintiff himself did not testify. The defendants further ask that a master in chancery be appointed to ascertain the amount due.

At the close of the evidence introduced by the plaintiff, the sitting Justice entered a decree dismissing the bill with costs. An appeal was entered by the plaintiff.

This finding that the plaintiff had not paid in full the amount due and therefore was not entitled to a conveyance was warranted by the utter unreliability of the evidence offered and must stand.

However, the plaintiff in his bill offers to pay any balance that may be found due. The defendants in their answer offer to convey upon the payment of such balance. Therefore the equitable rights of the parties require that a master be appointed to ascertain and report:

1.    Whether the agreement of December 9, 1918, did supersede that of August 5, 1918.

2.    If it did not, what balance, if any, is due from the plaintiff under the agreement of August 5, 1918.

3.    If it did, what balance, if any, is due from the plaintiff under the agreement of December 9, 1918.

4. Also to ascertain and report such other material facts as to the sitting Justice who issues the order appointing the master, may seem pertinent and proper.

> *Appeal sustained.*
> *Cause remanded.*
> *Master to be appointed in accord-*
> *ance with this opinion.*
> *So ordered.*